IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TURF CUSHION, INC. and PRODUCT AND TECHNICAL SERVICES, INC. d/b/a PRODTEK, <br><br>Plaintiffs, <br><br>v. <br><br>THE RECREATIONAL GROUP, LLC, and POLY-GREEN FOAM HOLDINGS, LLC <br><br>Defendants. | Civil Action No. _____ <br><br>JURY TRIAL DEMANDED <br><br>**REDACTED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Turf Cushion, Inc. ("Turf Cushion") and Product and Technical Services, Inc. d/b/a/ ProdTek ("ProdTek") hereby state their complaint for patent infringement against defendants The Recreation Group, LLC ("Recreational Group") and Poly-Green Foam Holdings, LLC ("Poly-Green") and avers as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under Title 35 of the United States Code.

2. ProdTek is research and consulting company with a proven track record of developing innovative products and solutions for markets worldwide.

3. In keeping with its tradition of innovation, ProdTek developed and innovative protective foam layer for use in activity surfaces. ProdTek was granted a patent covering and protecting its valuable intellectual property.

4. ProdTek assigned this patent to its subsidiary Turf Cushion, who sells commercial embodiments of this patent.

5. Defendants have recently begun to offer and sell in the United States a line of foam padding under the tradename PolyGreen Pro for use as an underlayment for synthetic turf systems.

6. By making, using, offering for sale, selling, and importing into the United States certain products in the PolyGreen Pro line, Defendants are infringing a patent owned by Turf Cushion. By this Complaint, Plaintiffs ProdTek and Turf Cushion seek injunctive and monetary relief from Defendants' acts of infringement.

7. Moreover, given the circumstances of Defendants' acts of infringement, the present case is exceptional, and Plaintiffs are entitled to enhanced damages and an award of its attorneys' fees.

## PARTIES

8. Turf Cushion Inc. is a Georgia corporation with its principal place of business in Dalton, Georgia. Turf Cushion is a wholly-owned subsidiary of Product and Technical Services, Inc., which is a Georgia corporation with its principal place of business in Dalton, Georgia.

9. The Recreational Group LLC is a Georgia limited liability company organized and existing under the laws of the State of Georgia, having a principal place of business at 205 Boring Dr, Dalton, GA, 30721.

10. Poly-Green Foam Holdings, LLC is also a Georgia limited liability company organized and existing under the laws of the State of Georgia, having a principal place of business at 205 Boring Dr, Dalton, GA, 30721

11. On information and belief, Poly-Green is a wholly-owned subsidiary of Recreational Group. Poly-Green's website identifies Poly-Green as "[p]art of the Recreational Group family of companies." *See* https://www.polygreenfoam.com/about-us.html.

12. As such, Recreational Group is legally responsible for the actions taken by or in the name of Poly-Green.

## JURISDICTION AND VENUE

13. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. On information and belief, this Court has both general and specific personal jurisdiction over Defendants.

16. Both Recreational Group and Poly-Green are Georgia limited liability companies organized and existing under the laws of the State of Georgia. They share a principal place of business at 205 Boring Dr, Dalton, GA, 30721. Thus, both Recreational Group and Poly-Green are residents of this jurisdiction.

17. Recreational Group advertises its headquarters as 205 Boring Dr, Dalton, GA, 30721. *See* https://www.recreationalgroup.com/.

18. Likewise, Poly-Green touts its roots in the District, stating that it is "based in Dalton Georgia." *See* https://www.polygreenfoam.com/about-us.html. The "Contact Us" page on Poly-Green's website directs customers to reach out to administrative offices at 205 Boring Dr, Dalton, GA, 30721. https://www.polygreenfoam.com/contact-us-2.html.

19. On information and belief, Poly-Green and Recreation Group conduct sales from within this District.

20. Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND
## Turf Cushion's Products and Patent Rights

21. ProdTek's team of scientists and engineers leverages more than 130 years of collective industry experience to develop breakthrough products and provide business consulting on critical issues for clients globally.

22. ProdTek has particular expertise in areas of polymer science and compounding. Utilizing this experience, ProdTek invested substantial time, money, and employee resources to develop innovative foam pads for use under activity surfaces.

23. ProdTek pursued a U.S. Patent to protect these innovations. United States Patent No. 10,870,951 (the '951 Patent, a copy of which is attached as Exhibit A), entitled "PROTECTIVE FOAM LAYER FOR ACTIVITY SURFACES," was duly and properly issued by the United States Patent and Trademark Office on December 22, 2020. The inventors of the '951 Patent, John Karr and Keith Pavlansky, assigned the patent to Turf Cushion.

24. The '951 Patent claims, for example, as recited in claim 1: A foam pad comprising a pad having a density ranging from about 0.5 pound per cubic foot

5

(lb./ft$^3$) and about 4 lb./ft$^3$, a thickness ranging from about 0.5 inches to about 3 inches, and an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet.

25. The '951 Patent also claims, for example, as recited in claim 9:

A method of making a foam pad according to claim 1 for use under an activity surface, the method comprising the steps of:

    a. extruding a composition comprising at least 70% by weight of a polyolefin or combination of polyolefins through a die to form foam;

    b. adding a blowing agent to the foam so that the foam expands to a thickness of from about 0.5 inches to about 3 inches and a width ranging from about 45 inches to about 55 inches and wherein the expanded foam has a density ranging from about 0.5 lb./ft$^3$ to about 4 lb./ft$^3$;

    c. cooling the foam; and

    d. cutting the foam to form a foam sheet having a length ranging from about 100 inches to about 140 inches.

26. Turf Cushion sells commercial embodiments of the '951 Patent under the tradename TURF CUSHION™. Photographs showing both a perspective and cross-sectional view of the TURF CUSHION™ turf underlay positioned between an aggregate base and an artificial turn are shown below for reference.




27. An image showing the installation of TURF CUSHION™ turf underlay is shown below for reference:



28.     ProdTek has a reasonable expectation of exclusivity in the use of its inventions in the marketplace based on the intellectual property laws of the United States.

### Defendant's Infringing Activities

<u>1.  Recreational Group Approaches Plaintiffs        **REDACTED**</u>

29.     Following the successful launch of TURF CUSHION™ turf underlay in 2018, representatives of Recreational Group approached Plaintiffs **REDACTED**.

30.     On or about August 14, 2018, Ron Bennett, CEO of Recreational Group, contacted ProdTek through ProdTek's webpage.  Mr. Bennett indicated that

he was "hoping to learn more" about TURF CUSHION™ turf underlay because his company "buys millions of square feet a year of foam padding."

31. John Karr, CEO of ProdTek, responded to Mr. Bennett and a meeting was proposed.

32. REDACTED

33. On or about October 3, 2018, REDACTED attached as Exhibit B.

34. REDACTED

35. REDACTED

36. REDACTED

37. REDACTED

38. REDACTED Recreational Group sought additional information from ProdTek regarding the design, manufacturing, and performance of the TURF CUSHION™ turf underlay. REDACTED

39. Believing Recreational Group was REDACTED

REDACTED.

40. REDACTED.

41. On at least one occasion after October 4, 2018, ProdTek provided Recreational Group with one or more samples of its TURF CUSHION™ turf underlay.

42. On at least one occasion after October 4, 2018, ProdTek provided Recreational Group with non-public marketing materials and specifications for the TURF CUSHION™ turf underlay.

43. On at least one occasion after October 4, 2018, REDACTED ProdTek provided Recreational Group with an engineering drawing detailing the dimensions and arrangement of drainage holes present in TURF CUSHION™ turf underlay.

44. Between October 2018 and February 2020, REDACTED

REDACTED.

2. Defendants REDACTED Launch Copycat Product

45. On or about March 2020, REDACTED.

46. On or about March 2020, Poly-Green launched a new line of foam pads under the tradename "Polygreen Pro." *See* https://www.polygreenfoam.com/polygreen-pro.html.

47. But for minor differences in color and length, foam pads in the Polygreen Pro line appear to be near copies of the TURF CUSHION$^{TM}$ turf underlay. For example, Poly-Green's foam pads have similar thicknesses, similar composition, similar densities, similar ASTM F1292 HIC and GMAX ratings, similar patterns of drainage holes, and similar water permeability as measured by ASTM F1551.

48. A photograph from Poly-Green's website (https://www.polygreenfoam.com/polygreen-pro.html) showing an example foam pad sold under the tradename Polygreen Pro is shown below for reference.



## COUNT I
**(Direct Infringement of the '951 Patent)**

49. Defendants makes, has made, sells, and/or offers for sale a series of foam pads under the tradename "Polygreen Pro." A specification sheet detailing some characteristics of Poly-Green's Polygreen Pro line of foam pads is available at https://www.polygreenfoam.com/cmss_files/attachmentlibrary/2021-pdfs/Polygreen-Pro_Spec.pdf.

50. As shown in the specification sheet, one or more of the foam pads in the Polygreen Pro line of foam pads have a thickness ranging from about 0.5 inches to about 3 inches.

51. On information and belief, one or more of the foam pads in the Polygreen Pro line of foam pads also a density ranging from about 0.5 pound per cubic foot (lb./ft$^3$) and about 4 lb./ft$^3$

52. On information and belief, one or more of the foam pads in the Polygreen Pro line of foam pads also possess an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet.

53. As a result, on information and belief, one or more of the foam pads in the Polygreen Pro line of foam pads include all the features of at least claim 1 of the '951 Patent.

54. By doing so, Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '951 Patent by making, having made, using, offering to sell, selling and/or importing into the United States one or more of the foam pads in the Polygreen Pro line in the United States.

55. Further, on information and belief, one or more of the foam pads in the Polygreen Pro line are produced by a method that involves extruding a composition comprising at least 70% by weight of a polyolefin or combination of polyolefins through a die to form a foam.

56. On information and belief, one or more of the foam pads in the Polygreen Pro line are produced by a method that involves adding a blowing agent to the foam so that the foam expands to a thickness of from about 0.5 inches to about 3 inches and a width ranging from about 45 inches to about 55 inches.

57. On information and belief, this expanded foam has a density ranging from about 0.5 lb./ft$^3$ to about 4 lb./ft$^3$.

58. On information and belief, one or more of the foam pads in the Polygreen Pro line are produced by a method that involves cooling the foam.

59. On information and belief, one or more of the foam pads in the Polygreen Pro line are produced by a method that involves cutting the foam to form a foam sheet having a length ranging from about 100 inches to about 140 inches.

60. As a result, on information and belief, the method used to produce one or more of the foam pads in the Polygreen Pro line of foam pads includes all the steps of at least claim 9 of the '951 Patent.

61. Poly-Green touts that its foam pads are "[m]ade in the USA." *See* https://www.polygreenfoam.com/about-us.html.

62. Accordingly, on information and belief, Defendants are making or are having made one or more of the foam pads in the Polygreen Pro line in the United States.

63. By doing so, Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) the '951 Patent by practicing or inducing others to practice the methods of making recited in at least claim 9 of the '951 Patent.

64. Alternatively or in addition, in the event that Defendants import one or more of the foam pads in the Polygreen Pro line of foam pads into the United States, Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) the '951 Patent by, without authorization, importing into the United States and/or offering to sell, selling, or using within the United States a product which is made by the methods recited in at least claim 9 of the '951 Patent.

65. As a result, Defendants have infringed, and continue to infringe, the '951 Patent by making, having made, using, offering to sell, selling and/or

importing into the United States one or more of the foam pads in the Polygreen Pro line in the United States.

66. Defendants' acts have been without express or implied license from Plaintiffs and are willful and in reckless disregard of Plaintiffs' patent rights.

67. On information and belief, Defendants will continue to infringe the '951 Patent unless enjoined by this Court.

68. As a result of Defendants' acts of infringement of the '951 Patent, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

69. As a result of Defendants' intentional, willful, wanton, malicious, in bad-faith, deliberate, and consciously wrongful infringement, Plaintiffs have been damaged, will further be damaged, and are entitled to compensation for such damages under 35 U.S.C. § 284.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment as follows:

A. A judgment that Defendants have infringed the asserted patent;

B. An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, all those in active concert or

participation with it, and all other parties properly enjoined by law, from continued acts of infringement of the asserted patent;

  C. Ordering destruction of the means employed by Defendant to commit the acts of infringement complained above, including destruction of any stores of infringing foam pads or specialty equipment used to make the accused products;

  D. An award of damages adequate to compensate Plaintiffs for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284, and treble the damages award by reason of the willful and deliberate nature of Defendant's acts of infringement also pursuant to 35 U.S.C. § 284;

  E. A declaration that this case is exceptional within the meaning of 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure, and an award to Plaintiffs of their reasonable attorneys' fees, expert expenses, and other costs and expenses incurred in the prosecution of this action; and

  F. An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a jury trial on any all issues properly so triable.

Dated: November 9, 2021    Respectfully submitted,

              /s/ Warren J. Thomas

Warren J. Thomas, GA Bar No. 164714
Steven M. Philbin, GA Bar No. 516724

MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
wthomas@mcciplaw.com
sphilbin@mcciplaw.com

*Counsel for Plaintiffs, Turf Cushion, Inc. and Product And Technical Services, Inc.*