**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| TURF CUSHION, INC. and PRODUCT AND TECHNICAL SERVICES, INC. d/b/a PRODTEK, | ) ) ) ) |
| Plaintiffs, | ) Case No. 4:21-cv-00204-LMM |
| v. | ) ) |
| THE RECREATIONAL GROUP, LLC, and POLY-GREEN FOAM HOLDINGS, LLC | ) ) ) ) |
| Defendants. | ) ) |

**ANSWER AND COUNTERCLAIMS OF
THE RECREATIONAL GROUP, LLC**

Defendant The Recreational Group, LLC ("The Recreational Group"), by and through its undersigned counsel, hereby answers the allegations in the Complaint filed by Plaintiffs Turf Cushion, Inc. and Product and Technical Services, Inc. d/b/a ProdTek and sets forth its affirmative defenses and counterclaims.

The Recreational Group denies all allegations in the Complaint that are not expressly and specifically admitted herein. The Recreational Group further denies all allegations that may be implied or inferred from the headings used in the Complaint.

#3327933v1

- 1 -

1.      The Recreational Group admits that the Complaint asserts an action for patent infringement under Title 35 of the United States Code but denies infringement, violation of any of Plaintiffs' rights, and that Plaintiffs' action has merit.

2.      The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies those allegations.

3.      The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint that ProdTek has a "tradition of innovation" or that ProdTek "developed and [sic] innovative protective foam layer for use in activity surfaces," and therefore denies those allegations. Poly-Green lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint that ProdTek "was granted a patent covering and protecting its valuable intellectual property," and therefore denies those allegations. To the extent that Plaintiffs are referring to U.S. Pat. No. 10,870,951, The Recreational Group denies both that U.S. Pat. No. 10,870,951 is associated with valuable intellectual property and that U.S. Pat. No. 10,870,951 was granted to ProdTek.

#3327933v1

4.      The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies those allegations.

5.      Denied. The Recreational Group does not offer to sell or sell such a product or any other product.

6.      The Recreational Group denies that making, using, offering for sale, selling, or importing into the United States any PolyGreen Pro product infringes U.S. Pat. No. 10,870,951. To the extent that Plaintiffs are referring to another patent in paragraph 6 of the Complaint, The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies those allegations. However, The Recreational Group does not make, use, offer for sale, sell, or import into the United States any product. As such, The Recreational Group does not infringe any patent owed by Turf Cushion. The Recreational Group admits that Plaintiffs seek injunctive and monetary relief but denies that there has been any act of infringement.

7.      The Recreational Group denies that there is or has been any act of infringement. As set forth below in The Recreational Group's counterclaims, this is

a meritless case filed without basis and thus is an exceptional case – and The Recreational Group should be awarded its attorneys' fees. Plaintiffs cannot show that The Recreational Group made, used, sold, offered for sale, or imported any product, much less any product covered by the '951 Patent. The Recreational Group denies that Plaintiffs are entitled to enhanced damages or an award of attorneys' fees, as this case is only exceptional due to Plaintiffs' meritless infringement allegations.

8. The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies those allegations.

9. Admitted.

10. Admitted.

11. Denied. The cited website is not referring to The Recreational Group, LLC to indicate a parent/subsidiary relationship between The Recreational Group, LLC and Poly-Green Foam Holdings, LLC, and Poly-Green Foam Holdings, LLC is not a subsidiary of The Recreational Group, LLC.

12. Denied. The legal conclusion in paragraph 12 of the Complaint does not follow from the facts presented and is not supported by law.

#3327933v1

13.     The Recreational Group admits that the Complaint asserts an action for patent infringement under Title 35 of the United States Code, including 35 U.S.C. § 271, but denies infringement, violation of any of Plaintiffs' rights, and that Plaintiffs' action has merit.

14.     Admitted.

15.     The Recreational Group admits that this Court has both general and specific personal jurisdiction over The Recreational Group.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Denied. The Recreational Group does not conduct any sales, whether from this District or any other District.

20.     Admitted.

21.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies those allegations.

22.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies those allegations.

23.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint that there was an "innovation" and therefore denies those allegations. The Recreational Group admits that U.S. Patent No. 10,870,951 was issued by the U.S. Patent & Trademark Office on December 22, 2020. The Recreational Group denies that U.S. Patent No. 10,870,951 was "duly and properly issued." The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint that John Karr and Keith Pavlansky are the inventors of U.S. Patent No. 10,870,951 and therefore denies those allegations. The Recreational Group denies that John Karr and Keith Pavlansky assigned U.S. Patent No. 10,870,951 to Turf Cushion.

24.     The Recreational Group admits that claim 1 of U.S. Patent No. 10,870,951 is set forth in paragraph 24 of the Complaint.

25.     The Recreational Group admits that claim 9 of U.S. Patent No. 10,870,951 is set forth in paragraph 25 of the Complaint.

#3327933v1

- 6 -

26.     The Recreational Group admits that Turf Cushion sells a sugar-cane polyethylene underlay under the trademark TURF CUSHION™. To the extent the Complaint is referring to any other product by the TURF CUSHION trademark, the Complaint is ambiguous and The Recreational Group denies all such allegations. The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore denies those allegations.

27.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore denies those allegations.

28.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint that ProdTek has any inventions and therefore denies those allegations. Regardless of whether ProdTek has any inventions, it is unclear why ProdTek would expect exclusivity under a patent that it has purported to assign to another company; for that reason as well, The Recreational Group denies the allegations of paragraph 28 of the Complaint.

29.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint that there was a "successful launch of TURF CUSHION™ turf underlay in 2018" and therefore denies those allegations. The Recreational Group admits that representatives of The Recreational Group contacted ProdTek to discuss opportunities. It is unclear what Plaintiffs mean by "partnership opportunities," so The Recreational Group denies that allegation.

30.     Denied to the extent that "his company" refers to The Recreational Group. Otherwise admitted.

31.     Admitted.

32.     The Recreational Group lacks knowledge or information as to ProdTek's anxiousness or motivations and therefore denies the same. The Recreational Group admits that ProdTek requested a non-disclosure agreement before any meeting occurred.

33.     Admitted.

34.     Admitted.

35.     During the meeting on October 4, 2018, Mr. Bennett, Ms. Ogle, and Mr. Karr discussed a turf underlay made of sugar cane polyethylene which The

#3327933v1

Recreational Group believes was manufactured and/or marketed by ProdTek. To the extent the Complaint is referring to any other product by the TURF CUSHION trademark, the Complaint is ambiguous and The Recreational Group denies all such allegations. The Recreational Group lacks knowledge or information as to whether "Mr. Karr shared confidential information in reliance on the Mutual Confidentiality Agreement" and therefore denies the same. The Recreational Group admits that Mr. Karr provided Mr. Bennett and Ms. Ogle with marketing materials and specifications for the sugar-cane polyethylene underlay, but denies that such materials and specifications were confidential.

36.    The Recreational Group admits that Mr. Bennett expressed an interest in acquiring the company that was marketing the sugar-cane polyethylene underlay, but denies that the sugar-cane polyethylene underlay had any "superior product and performance data" or that the expressed interest was based on any "superior product and performance data." As there was no "purchase offer," The Recreational Group denies that Mr. Karr declined to consider any "purchase offer." Mr. Karr did offer to supply product for rebranding and resale.

37.    Denied. Mr. Bennett did not learn that the purchase of Turf Cushion was not possible. Mr. Bennett never suggested that The Recreational

Group or Poly-Green could produce a similar product to the sugar-cane polyethylene underlay. Mr. Bennett never suggested that The Recreational Group or Poly-Green could produce any product. Mr. Karr did not caution Mr. Bennett or Ms. Ogle regarding any patent application. Poly-Green is not a subsidiary of The Recreational Group, LLC.

38.     The Recreational Group denies that The Recreational Group sought any information from ProdTek regarding the manufacturing of any turf underlay. Admitted that following the October 4, 2018 meeting and in response to Mr. Karr's offer to supply the product, The Recreational Group sought additional information from ProdTek regarding the design and performance of the sugar-cane polyethylene turf underlay. Denied that The Recreational Group communicated on or shortly after the initial October 4 meeting that it intended to market ProdTek's sugar-cane polyethylene turf underlay. Denied that The Recreational Group communicated on or shortly after the initial October 4 meeting that it intended to market any product to The Recreational Group's customers using the trade name "Polygreen Pro."

39.     The Recreational Group lacks knowledge or information as to ProdTek's stated beliefs or motivations and therefore denies the same. The

#3327933v1

Recreational Group denies that representatives of The Recreational Group and ProdTek had at least five subsequent meetings between October 2018 and February 2020. The Recreational Group admits that representatives of The Recreational Group discussed the sugar-cane polyethylene underlay with Mr. Karr at least once after October 4, 2018.

40.     The Recreational Group admits that Mr. Bennett met Mr. Karr at ProdTek's corporate office after October 4, 2018. The Recreational Group denies that Mr. Bennett ever toured any ProdTek laboratory facility.

41.     The Recreational Group admits that after October 4, 2018, ProdTek provided The Recreational Group with one or more samples of the sugar-cane polyethylene underlay.

42.     The Recreational Group denies that ProdTek provided The Recreational Group with any marketing materials or specifications that would not have been available to a member of the public wanting to purchase the sugar-cane polyethylene underlay.

43.     Admitted, but only to the extent that "TURF CUSHION™ turf underlay" refers to the sugar-cane polyethylene underlay; otherwise denied.

44.     Admitted, but only to the extent that "TURF CUSHION™ turf underlay" refers to the sugar-cane polyethylene underlay; otherwise denied.

45.     Admitted that on or about February 2020 or March 2020, conversations between The Recreational Group and ProdTek ceased. Denied that such cessation was "inexplicable."

46.     Denied. Poly-Green began selling the Polygreen Pro foam pad in or around August 2020.

47.     Denied. The Polygreen Pro product is not a copy of the sugar-cane polyethylene underlay and is a very different product from the sugar-cane polyethylene underlay. The two products are made of different materials (the Polygreen Pro product does not use any sugarcane, as sugarcane can attract pests) and have different drainage hole configurations. To the extent the Polygreen Pro product and the sugar-cane polyethylene underlay share size and performance characteristics, those characteristics are old, well-known, and dictated by the market and/or industry standards.

48.     Admitted.

49.     The Recreational Group does not make, have made, use, sell, or offer for sale any foam pad, and has not done so. Admitted that Poly-Green

#3327933v1

purchases foam pads and sells such foam pads under the trademark Polygreen Pro. Admitted that a specification sheet detailing some characteristics of Poly-Green's Polygreen Pro foam pads is available at

https://www.polygreenfoam.com/cmss_files/attachmentlibrary/2021-pdfs/Polygreen-Pro_Spec.pdf (the "Specification Sheet"). A copy of the Specification Sheet is enclosed as Exhibit A.

50.     It is unclear and indefinite under 35 U.S.C § 112 what is meant by a pad having "a thickness ranging from about 0.5 inches to about 3 inches." As such, The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and therefore denies those allegations. The Recreational Group notes that, as shown in the Specification Sheet, some of the Polygreen Pro pads are 1½ inches thick, others of the Polygreen Pro pads are 2 inches think, and still others of the Polygreen Pro pads are 3 inches thick. But none of the Polygreen Pro pads has an appreciable change in thickness.

51.     It is unclear and indefinite under 35 U.S.C § 112 what is meant by "density ranging from about 0.5 pound per cubic foot (lb/ft$^3$) and about 4 lb/ft$^3$." As such, The Recreational Group lacks knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraph 51 of the Complaint and therefore denies those allegations. The Recreational Group notes that the Polygreen Pro pads each have a density when undeformed of approximately 1.8 pounds per cubic foot.

52.     Denied. None of the Polygreen Pro foam pads possesses an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet.

53.     Denied, at least because none of the Polygreen Pro foam pads possesses an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet.

54.     Denied, at least because none of the Polygreen Pro foam pads possesses an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet. Further denied at least because The Recreational Group does not make, have made, used, sold, or offered for sale, or imported any Polygreen Pro foam pad.

55.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and therefore denies those allegations.

56.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and therefore denies those allegations.

57.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and therefore denies those allegations.

58.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and therefore denies those allegations.

59.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and therefore denies those allegations.

60.     The Recreational Group lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint

#3327933v1

and therefore denies those allegations. However, claim 9 cannot be infringed at least because claim 1 is not infringed.

61.     Admitted.

62.     Denied, at least because The Recreational Group does not make or have made any Polygreen Pro foam pad or any other product. Further denied at least because The Recreational Group does not know the manufacturing process of how such foam pads are made.

63.     Denied. The Recreational Group has not manufactured any Polygreen Pro foam pad (or any other product), has not instructed any individual or company as to how to make any Polygreen Pro foam pad, and has not induced any individual or company to practice any method recited in any claim of U.S. Pat. No. 10,870,951.

64.     Denied.

65.     Denied. The Recreational Group has not made, had made, used, offered to sell, sold, or imported into the United States any Polygreen Pro foam pad. Further, the Polygreen Pro foam pad does not infringe any claim of U.S. Pat. No. 10,870,951 at least because none of the Polygreen Pro foam pads possesses an

HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet.

66.     At least because The Recreational Group has not infringed any right of Plaintiffs, The Recreational Group denies that The Recreational Group's acts "are willful and in reckless disregard of Plaintiffs' patent rights." Plaintiffs have not identified any action of The Recreational Group which is alleged to infringe the '951 Patent, and this litigation against The Recreational Group is baseless. Further, it is unclear what rights ProdTek purports to have since it alleges that Turf Cushion owns the rights to U.S. Pat. No. 10,870,951. The Recreational Group admits that it does not have any express or implied license from Plaintiffs, though The Recreational Group denies that any license from either Plaintiff is necessary.

67.     Denied that The Recreational Group has or will infringe any claim of U.S. Pat. No. 10,870,951.

68.     Denied at least because The Recreational Group has not infringed any claim of U.S. Pat. No. 10,870,951. Further, even if there had been infringement, there would be an adequate remedy at law and neither plaintiff is entitled to injunctive relief.

#3327933v1

- 17 -

69.     Denied at least because The Recreational Group has not infringed any claim of U.S. Pat. No. 10,870,951, whether "intentional, willful, wanton, malicious, in bad-faith, deliberate, and consciously wrongful" or otherwise. Further denied that Plaintiffs have been or will be damaged, and denied that Plaintiffs are entitled to compensation.

## PLAINTIFFS' REQUEST FOR RELIEF

70.     The Recreational Group denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A-F on pages 17 and 18 of the Complaint.

## AFFIRMATIVE DEFENSES

71.     As separate and distinct affirmative defenses to the Complaint, The Recreational Group alleges as follows and reserves the right to raise additional defenses that may be identified through discovery in this case.

## A. FIRST AFFIRMATIVE DEFENSE:  FAILURE TO
## STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

72.     The Complaint fails to state any claim by ProdTek against The Recreational Group under Title 35 of the U.S. Code upon which relief may be granted.

73.     The Complaint fails to state any claim by Turf Cushion against The Recreational Group under Title 35 of the U.S. Code upon which relief may be granted.

## B. SECOND AFFIRMATIVE DEFENSE: STANDING

74.     ProdTek lacks standing to bring its allegations against The Recreational Group.

75.     Turf Cushion lacks standing to bring its allegations against The Recreational Group.

## C. THIRD AFFIRMATIVE DEFENSE: NONINFRINGEMENT

76.     The Recreational Group has not infringed any claim of U.S. Patent No. 10,870,951.

#3327933v1

### D. FOURTH AFFIRMATIVE DEFENSE: INVALIDITY

77.     U.S. Patent No. 10,870,951 is invalid under one or more provisions of 35 U.S.C. §§ 102, 103 and/or 112.

### E. FIFTH AFFIRMATIVE DEFENSE: UNENFORCEABILITY

78.     U.S. Patent No. 10,870,951 is unenforceable at least because the inventors, ProdTek, Turf Cushion, and/or attorneys representing the applicant failed to satisfy the applicable duty of candor and good faith to the Patent Office.

### F. SIXTH AFFIRMATIVE DEFENSE: ADEQUATE REMEDY AT LAW

79.     There is no infringement, and The Recreational Group is not liable to Plaintiffs for any damages. But even if there were infringement, injunctive relief would not be warranted under *eBay v. MercExchange*, 547 U.S. 388 (2006).

## COUNTERCLAIMS

80.      Counter-plaintiff The Recreational Group, LLC ("The Recreational Group") hereby states its Counterclaims against Turf Cushion, Inc. ("Turf Cushion") and Product and Technical Services, Inc. d/b/a ProdTek ("ProdTek") as follows.

## A. JURISDICTION AND THE PARTIES

81.      The Recreational Group, LLC ("The Recreational Group") is a Georgia limited liability company organized and existing under the laws of the State of Georgia, having a principal place of business at 205 Boring Drive, Dalton, GA 30721.

82.      According to the allegations in its Complaint, Product and Technical Services, Inc. does business under the name ProdTek ("ProdTek") and is a Georgia corporation with its principal place of business in Dalton, Georgia.

83.      According to the allegations in its complaint, Turf Cushion Inc. ("Turf Cushion") is a Georgia corporation with its principal place of business in Dalton, Georgia.

#3327933v1

84.     According to the allegations in its complaint, Turf Cushion is a wholly-owned subsidiary of ProdTek.

85.     This Court has both general and specific personal jurisdiction over ProdTek.

86.     This Court has both general and specific personal jurisdiction over Turf Cushion.

87.     This is an action of Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

88.     Venue for these counterclaims is proper in this District because ProdTek and Turf Cushion consented to the propriety of venue in this Court by filing their Complaint in this Court, in response to which these Counterclaims are asserted.

## B. FACTUAL BACKGROUND

89.     The Recreational Group repeats and re-alleges Paragraphs 1 through 88 above as if fully set forth herein.

90.     The Recreational Group does not make, have made, use, sell, offer for sale, or import any product.

#3327933v1

91.     The Recreational Group does not manufacture any foam padding product.

92.     The Recreational Group does not instruct others as to how to make foam.

93.     The Recreational Group does not import any foam padding product.

94.     The Recreational Group does not make, use, offer to sell, sell, or import any system that includes foam padding and synthetic turf.

## C. FIRST COUNTERCLAIM: NONINFRINGEMENT

95.     The Recreational Group repeats and re-alleges Paragraphs 1 through 94 above as if fully set forth herein.

96.     All claims of U.S. Pat. No. 10,870,951 require a "foam pad" having "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet."

97.     None of the Polygreen Pro foam pads identified by Plaintiffs in their complaint has "an HIC rating of less than 1000 and a G-max rating of less

than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet."

98.     Plaintiffs understand the difference between a foam pad and a larger system that incorporates a foam pad. For example, Paragraph 48 of the Complaint notes that the Polygreen Pro product is a "foam pad," while Paragraph 28 of the Complaint notes that a pad is shown "positioned between an aggregate base and an artificial [turf]." And Paragraphs 49-50 of the Complaint cite Poly-Green's specification sheet to show that the *foam pads* have a thickness in the range of "about 0.5 inches to about 3 inches."

99.     Upon information and belief, before filing their Complaint, Plaintiffs failed to test the accused Polygreen Pro foam pads to determine if such pads have "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet."

100.    Because the accused Polygreen Pro foam pads do not meet all limitations of any claim of U.S. Pat. No. 10,870,951, the accused Polygreen Pro foam pads do not infringe U.S. Pat. No. 10,870,951.

101.     Plaintiffs have no basis for suing The Recreational Group for patent infringement since the Polygreen Pro foam pads do not infringe any claim of the '951 Patent, and Plaintiffs' claims against The Recreational Group were made without evidentiary support.

102.     In November 2021, Justin Poplin (The Recreational Group's attorney) contacted Warren Thomas (counsel for Plaintiffs) to discuss the fact that the Polygreen Pro foam pads do not have "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet." More particularly, Mr. Poplin left Mr. Thomas a voicemail asking for a return telephone call. Mr. Thomas returned Mr. Poplin's call on November 22, 2021, and Mr. Poplin explained that, to the extent any pre-suit testing was done, The Recreational Group believes that the testing was done not on the pad as claimed in the '951 Patent – but rather on an entire system incorporating a foam pad.

103.     On November 23, 2021, Mr. Poplin followed up on the November 22, 2021 conversation with Mr. Thomas by emailing Mr. Thomas test results showing that none of the Polygreen Pro foam pads have "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a

#3327933v1

maximum fall height of from about 9 feet to about 12 feet." A printout of the November 22, 2021 email (with a cell phone number redacted) is enclosed as Exhibit B ("the November 22, 2021 Email").

104.    After receiving the November 22, 2021 Email, Plaintiffs have not denied that Plaintiffs did not test any of the Polygreen Pro foam pads before filing their Complaint.

105.    Even after receiving test results through the November 22, 2021 Email that the Polygreen Pro foam pads do not have "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet" as required by every claim of the '951 Patent, and even though Plaintiffs did not test any of the Polygreen Pro foam pads before filing their Complaint, Plaintiffs have refused to dismiss their Complaint.

106.    Even if the Polygreen Pro foam pads were to infringe any claim of the '951 Patent (which The Recreational Group denies), Plaintiffs have no basis for suing The Recreational Group for patent infringement since The Recreational Group does not make, have made, use, sell, offer for sale, or import the Polygreen

Pro foam pads, and Plaintiffs' claims against The Recreational Group were made without evidentiary support.

107.     An actual controversy has arisen between the parties concerning the alleged patent infringement.

108.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., The Recreational Group is entitled to judgment from this Court finding that The Recreational Group has not infringed any asserted right of Plaintiffs and is not guilty of patent infringement.

109.     In addition to a declaration that The Recreational Group has not infringed any right of Plaintiffs, this Court should find this to be an exceptional case under 35 U.S.C. § 285 and award The Recreational Group its attorneys' fees.

## D. SECOND COUNTERCLAIM: INVALIDITY UNDER 35 U.S.C. § 112

110.     The Recreational Group repeats and re-alleges Paragraphs 1 through 109 above as if fully set forth herein.

111.     The claims of U.S. Patent No. 10,870,951 are invalid under one or more provision of 35 U.S.C. § 112.

#3327933v1

112.    A claim must inform those skilled in the art about the scope of the invention with reasonable certainty, or else the claim is invalid as indefinite under 35 U.S.C. § 112(b).

113.    As an example of invalidity, to the extent the Plaintiffs argue that the Polygreen Pro pad must be tested with another layer to determine whether there is "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet," such a claim construction would not only be contrary to the plain language of the claims, but it would also leave all claims of the '951 Patent invalid as indefinite under 35 U.S.C. § 112(b).

114.    Adding another layer to the Polygreen Pro pad and then testing the system would result in HIC ratings and G-max ratings that differ from the HIC ratings and G-max ratings of the Polygreen Pro pad alone.

115.    The HIC ratings and G-max ratings for a system having a Polygreen Pro pad and another layer would directly depend on the substance and properties of the other layer.

116.     The Recreational Group does not sell the Polygreen Pro pad, and The Recreational Group does not sell any turf or other overlaying layer to accompany the Polygreen Pro pad.

117.     A claim construction requiring the Polygreen Pro pad to be tested with another layer to determine whether there is "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet" would render all claims of the '951 Patent invalid under 35 U.S.C. § 112(b) because there is no way of knowing the substance or properties of the additional layer that must be tested along with the Polygreen Pro pad and thus the claims do not inform those skilled in the art about the scope of the invention with reasonable certainty.

118.     Because the claims of U.S. Patent No. 10,870,951 are invalid under 35 U.S.C. § 112, there can be no liability for patent infringement.

119.     An actual controversy has arisen between the parties concerning the alleged patent infringement.

120.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., The Recreational Group is entitled to judgment from this Court finding that the claims of U.S. Patent No. 10,870,951 are invalid under one or more provision of 35 U.S.C. § 112 and that The Recreational Group is not guilty of patent infringement.

## E. THIRD COUNTERCLAIM: INVALIDITY UNDER 35 U.S.C. §§ 102 AND/OR 103

121.     The Recreational Group repeats and re-alleges Paragraphs 1 through 120 above as if fully set forth herein.

122.     The claims of U.S. Patent No. 10,870,951 are invalid under one or more provision of 35 U.S.C. §§ 102 and/or 103.

123.     Because the claims of U.S. Patent No. 10,870,951 are invalid under 35 U.S.C. §§ 102 and/or 103, there can be no liability for patent infringement.

124.     An actual controversy has arisen between the parties concerning the alleged patent infringement.

#3327933v1

125.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., The Recreational Group is entitled to judgment from this Court finding that the claims of U.S. Patent No. 10,870,951 are invalid under one or more provision of 35 U.S.C. §§ 102 and/or 103 and that The Recreational Group is not guilty of patent infringement.

## F. FOURTH COUNTERCLAIM: UNENFORCEABILITY

126.   The Recreational Group repeats and re-alleges Paragraphs 1 through 125 above as if fully set forth herein.

127.   U.S. Patent No. 10,870,951 is unenforceable at least because the inventors, ProdTek, Turf Cushion, and/or attorneys representing the applicant engaged in inequitable conduct at the Patent Office.

128.     As an example of the inequitable conduct associated with obtaining the '951 Patent, the applicant failed to provide the examiner the contents of ASTM F1292-17 while at the same time claiming "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17."

#3327933v1

129.     Section 4.2 of ASTM F1292-17 provides that "The performance criterion used to determine conformance with the requirements of this specification shall be: a g-max score not exceeding 200 g and a HIC score not exceeding 1000."

130.     The contents of ASTM F1292-17 were material at least because the examiner would not have allowed the claims of the '951 Patent if she had known that one of ordinary skill in the art would have been motivated to have a mat with the claimed properties in order to meet the requirements of ASTM F1292-17.

131.     On information and belief, the single most reasonable inference that will be able to be drawn from the evidence will be that the applicant intended to deceive the examiner by failing to provide the examiner the contents of ASTM F1292-17.

132.     Because U.S. Patent No. 10,870,951 is unenforceable, there can be no liability for patent infringement.

133.     An actual controversy has arisen between the parties concerning the alleged patent infringement.

134.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., The Recreational Group is entitled to judgment from this Court finding that the claims of U.S. Patent No. 10,870,951 are unenforceable and that The Recreational Group is not liable for patent infringement.

## G. FIFTH COUNTERCLAIM: EXCEPTIONAL CASE

135.     The Recreational Group repeats and re-alleges Paragraphs 1 through 134 above as if fully set forth herein.

136.     At least one of the Plaintiffs has no rights in the '951 Patent which it can assert.

137.     At least due to Plaintiffs' failure to conduct adequate pre-trial investigation; Plaintiffs' failure to dismiss this action after receiving evidence that the accused products do not meet the claim limitations; Plaintiffs' resulting claim construction positions that are not supported by the plain language of the claims and that would render the claims invalid under 35 U.S.C. § 112; the inequitable conduct associated with the '951 Patent; the fact that at least one of the Plaintiffs has no rights in the '951 Patent which it can assert; and the fact that The Recreational Group does not make, use, sell, offer for sale, or import any product;

this case stands out from others with respect to the substantive strength of Plaintiffs' litigating position and the manner in which it is litigated.

138.    As such, this Court should find this to be an exceptional case under 35 U.S.C. § 285 and award The Recreational Group its reasonable attorney fees.

## H. SIXTH COUNTERCLAIM: ATTORNEY FEES UNDER O.C.G.A. § 13-6-11

139.    The Recreational Group repeats and re-alleges Paragraphs 1 through 138 above as if fully set forth herein.

140.    Plaintiffs' failed to conduct adequate pre-trial investigation, Plaintiffs' failed to dismiss this action after receiving evidence that the accused products do not meet the claim limitations, Plaintiffs' claim construction positions are not supported by the plain language of the claims and would render the claims invalid under 35 U.S.C. § 112, and at least one of the Plaintiffs has no rights in the '951 Patent which it can assert.

141.    Poly-Green is entitled to recover its attorneys' fees incurred in connection with this litigation pursuant to O.C.G.A. § 13-6-11 because Turf Cushion and ProdTek have acted in bad faith, have been stubbornly litigious, and have caused The Recreational Group unnecessary trouble and expense.

#3327933v1

## **PRAYER FOR RELIEF**

In light of the foregoing, The Recreational Group respectfully prays for the following relief against Turf Cushion and ProdTek:

A.　　　a judgment that The Recreational Group has not infringed any asserted right of Turf Cushion;

B.　　　a judgment that The Recreational Group has not infringed any asserted right of ProdTek;

C.　　　a finding that this is an exceptional case under 35 U.S.C. § 285;

D.　　　an award of The Recreational Group's attorney's fees under 35 U.S.C. § 285 against Turf Cushion and ProdTek;

E.　　　an award of The Recreational Group's attorney's fees under O.C.G.A. § 13-6-11 against Turf Cushion and ProdTek;

F.　　　a judgment that all claims of U.S. Pat. No. 10,870,951 are invalid;

G.　　　a judgment that U.S. Pat. No. 10,870,951 is unenforceable;

H.　　　dismissal of Plaintiffs' Complaint with prejudice;

I.　　　a declaration that Turf Cushion and ProdTek take nothing by their Complaint; and

J.　　　further relief as the Court deems just and proper.

#3327933v1

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), The Recreational Group hereby demands a jury trial on all issues so triable.

Dated: January 7, 2022

*/s/ Jason J. Carter*
Jason J. Carter
Ga. Bar No. 141669
carter@bmelaw.com
Megan E. Cambre
Ga. Bar No. 167133
cambre@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309-3417
Phone: (404) 881-4100
Facsimile: (404) 881-4111

Justin Poplin
Georgia Bar No. 142033
*Pro Hac Vice Pending*
jpoplin@avekip.com
Anna Quinn
*Pro Hac Vice Pending*
aquinn@avekip.com
AVEK IP, LLC

#3327933v1

- 36 -

12980 Metcalf Ave., Ste. 180
Overland Park, Kansas 66213
Telephone: (913) 303-3841

***Attorneys for Defendant***
***The Recreational Group, LLC***

#3327933v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of January, 2021, I caused the foregoing

**ANSWER AND COUNTERCLAIMS OF THE RECREATIONAL GROUP,**

**LLC** to be filed with the Clerk of Court using the EFile Georgia electronic filing

system, which will automatically send email notification of such filing to all parties

of record.

*/s/ Jason J. Carter*_____
Jason J. Carter
Ga. Bar No. 141669