**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| TURF CUSHION, INC. and PRODUCT AND TECHNICAL SERVICES, INC. d/b/a PRODTEK,         Plaintiffs, <br><br> v. <br><br> THE RECREATIONAL GROUP, LLC, and POLY-GREEN FOAM HOLDINGS, LLC <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   Case No. 4:21-cv-00204-LMM |

## DEFENDANTS' THE RECREATIONAL GROUP, LLC AND POLY-GREEN FOAM HOLDINGS, LLC INITIAL DISCLOSURES

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26.1, and Form I.B in Appendix B to the Local Rules, Defendants The Recreational Group, LLC and Poly-Green Foam Holdings, LLC provide the following initial disclosures:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendants are properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant

#3333091v1

1

contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendants are not aware of any parties whom they contend are necessary parties to this action, but who have not been named by Plaintiffs. Defendants do not contend that there is a question of misjoinder of parties.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Plaintiffs Complaint fails to state any claim by ProdTek or by Turf Cushion upon which relief may be granted.  The allegations do not establish that they are legally entitled to the relief they ask the Court to grant.**

**Both ProdTek and Turf Cushion lack standing to assert these claims. ProdTek has purportedly assigned its right to the patent and has no expectation of exclusivity.**

**Defendants have not infringed any claim of U.S. Patent No. 10,870,951, at least because none of the Polygreen Pro foam pads possesses an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet.  In addition, Defendants do not make nor have they made nor imported any Polygreen Pro foam pad.**

U.S. Patent No. 10,870,951 is invalid.  It is also unenforceable at least because the applicant failed to satisfy the applicable duty of candor and good faith to the Patent Office.

Plaintiffs have an adequate remedy at law and thus injunctive relief is not warranted.

For Defendants' First Counterclaim, none of the Polygreen Pro foam pads identified by Plaintiffs in their complaint has "an HIC rating of less than 1000 and a G-max rating of less than 200 based on ASTM F1292-17 at a maximum fall height of from about 9 feet to about 12 feet."  There is also a difference between a foam pad and a larger system that incorporates a foam pad. The accused Polygreen Pro foam pads do not meet all limitations of any claim of U.S. Pat. No. 10,870,951.  Plaintiffs did not test on the Polygreen Pro foam pad.  Further, the Recreational Group does not make, have made, use, sell, offer for sale, or import the Polygreen Pro foam pads.

For Defendants' Second Counterclaim, the claims of U.S. Patent No. 10,870,951 are invalid under one or more provision of 35 U.S.C. § 112. Plaintiffs' argument that the Polygreen Pro pad must be tested with another layer is contrary to the plain language of the claim and renders all claims of the '951 Patent invalid as indefinite.  The HIC ratings and G-max ratings for

#3333091v1

3

a complete system would differ from the ratings of the Polygreen Pad alone and would depend on the substance and properties of the other layer. Defendants do not sell turf or other overlaying layer to accompany the Polygreen Pro pad.

For Defendants' Third Counterclaim, the claims of U.S. Patent No. 10,870,951 are invalid under 35 U.S.C. §§ 102 and/or 103.

For Defendants' Fourth Counterclaim, the patent is unenforceable because the inventors, ProdTek, Turf Cushion, and/or attorneys representing the applicant engaged in inequitable conduct at the Patent Office. For example, the applicant failed to provide the examiner the contents of ASTM F1292-17.

For Defendants' Fifth Counterclaim, this is an exceptional case because Plaintiffs failed to conduct an adequate pre-trial investigation, have failed to dismiss this action after receiving evidence that the accused products do not meet the claim limitations, Plaintiffs' claim construction positions are not supported by the plain language of the claims and are invalid under 35 U.S.C. § 112, there was inequitable conduct associated with the patent, at least one of the Plaintiffs has no right in the patent, and the Recreational Group does not make, use, sell, offer for sale, or import any product.

For Poly-Green's Sixth Counterclaim, Turf Cushion through internet advertising and promotion has publicly made false or misleading statements that misrepresent the nature of Turf Cushion or another's goods. For example, Turf Cushion states that its product "achieves the highest performance in the industry as measured by GMAX and HIC readings."  But the Turf Cushion™ underlay does not achieve the highest performance in the industry as measured by GMAX and HIC readings.  Turf Cushion has also publicly stated that "Competitor products require stacking to reach comparable levels of protection, creating a less stable and more time-consuming installation."  But stacking does not create a less stable installation. Turf Cushion has also stated that it uses a precision molded process but its patent discloses and claims an extruded foam product.  Poly-Green has been injured or is likely to be injured by these statements.

For Poly-Green's Seventh Counterclaim, Turf Cushion's statements detailed above are unfair and deceptive trade practices that are likely to injury Poly-Green and affect the consuming public's perception of both Plaintiffs' and Poly-Green's products.

Defendants are also entitled to their attorney fees under O.C.G.A. § 13-6-11 as Plaintiffs failed to conduct an adequate pre-trial investigation, have

#3333091v1

5

failed to dismiss this action after receiving evidence that the accused products do not meet the claim limitations, Plaintiffs' claim construction positions are not supported by the plain language of the claims and are invalid under 35 U.S.C. § 112, there was inequitable conduct associated with the patent, at least one of the Plaintiffs has no right in the patent, and the Recreational Group does not make, use, sell, offer for sale, or import any product.

Beyond what has already been stated, Defendants cannot reasonably provide any greater detail because they have not yet taken any discovery in this matter.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Defendants contend that the following law is illustrative and applies to this action (but will likely find additional law that is applicable to this action):

- Title 35 of the U.S. Code, including 35 U.S.C. §§ 102, 103, 112, & 285.
- U.S. Patent No. 10,870,951.
- ASTM F1292-17.
- *eBay v. MercExchange*, 547 U.S. 388 (2006).
- 28 U.S.C. §§ 1331, 1338, 1367, 2201, & 2202.
- 15 U.S.C. §§ 1117(a) & 1125(a).
- Georgia Fair Business Practices Act, including O.C.G.A. § 10-1-399(a) & (c).
- O.C.G.A. § 13-6-11.
- All authorities relied upon by Plaintiffs.

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendants state that, at this time, they have not identified any expert**

**witnesses who may be used at trial.  They will supplement this response at a**

**later date as required by the Federal Rules of Civil Procedure, the Local**

**Rules, and any Scheduling Order entered by this Court.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or

evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Defendant The Recreational Group, LLC claims its reasonable attorneys fees. Defendant Poly-Green Foam Holdings, LLC claims its reasonable attorneys fees, recovery based on profits, treble damages, and the costs of this action. At this time, Defendants are unable to calculate the full extent of these damages, at least in part, because some of the documents and evidentiary material needed is in Plaintiffs' possession.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Defendants do not, at this time, contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter – there is no liability to the plaintiffs.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment E.**

**ATTACHMENT A**

| POTENTIAL WITNESS | POTENTIAL KNOWLEDGE |
| --- | --- |
| Ron Bennett | Information regarding interactions between the parties, the PolyGreen Pro foam pads, the foam pad industry, and foam pad products |
| Lynette Ogle | Information regarding interactions between the parties, the PolyGreen Pro foam pads, the foam pad industry, and foam pad products |
| John Karr | Information regarding interactions between the parties, pre-suit diligence, and prosecution of U.S. Pat. No. 10,870,951 |

Defendants have not completed their investigation and have not taken any discovery; therefore, there may be individuals who have information whose identities have not yet been ascertained.  Conversely, some of the listed individuals may turn out to have no relevant, non-duplicative information.  These Initial Disclosures are made without waiver of, or prejudice to, privilege, work product, or other protection, burden, confidentiality, or admissibility.

**ATTACHMENT B**

At this time, Defendants have not identified any expert witnesses who may be used at trial.

# ATTACHMENT C

1.     Communications between Plaintiffs and Defendants.

2.     Technical Specifications of PolyGreen Pro Foam Pads

3.     Test Results of the PolyGreen Pro Foam Pads

4.     Sealed Air Polyethylene Foam Product Information

Defendants believe that documents relevant to this dispute in their custody or control are located on Defendants' computers and email systems.

Documents in the custody or control of Plaintiffs or others are not listed. Defendants incorporate by reference all documents, electronically stored information, and tangible things disclosed by Plaintiffs in their Initial Disclosures to the extent they contain information that Defendants may use to support their defenses and counterclaims.

Defendants reserve the right to supplement this list as discovery proceeds. Their identification of categories of documents is not a representation that any particular document exists or is in their possession, custody, or control. Defendants' Initial Disclosures are made without waiver of, or prejudice to, any privilege, work product, or other protection, burden, confidentiality, or admissibility.

#3333091v1

**SAFETY DATA SHEET**

**Sealed Air**
Product Care

**Polyethylene Foam**

Version: 1

Preparation date:     2018-01-16

| 1. IDENTIFICATION |
|---|

**Product Name:**   CELL-AIRE®, CORRO-FOAM®, CELLUPLANK®, ETHAFOAM®, ETHAFOAM® 260CI, ETHAFOAM® HRC, ETHAFOAM® MRC, ETHAFOAM® M SERIES, SYNERGY®, STRATOCELL®, STRATOCELL® PLUS, STRATOCELL® RC, CELLU-CUSHION®, CELLU- CUSHION® 84, AND OPTI-STEP™ POLYETHYLENE FOAMS. INCLUDES VARIOUS EXTRUDED POLYETHYLENE FOAM PROFILES AND LAMINATES (DOLPHIN-PAD™).

**Product Code:**   Not Applicable
**SDS#:**   PE-01
**Recommended Use:**   Foam packaging used for cushioning and product protection.
**Uses Advised Against:**   Uses other than those identified must be subject to appropriate testing and verification by the purchaser.

**Manufacturer, Importer, Supplier:**   Sealed Air Corporation (US)
7665 National Turnpike, Building D
Louisville, KY 40214-4801
Phone:  (502) 380-4333

**Emergency Telephone Number:**   Chemtrec 800-424-9300

| 2. HAZARD(S) IDENTIFICATION |
|---|

**Classification of the substance or mixture:**
This product is not classified as hazardous according to OSHA 29CFR 1910.1200 (HazCom 2012-GHS).

**Signal Word:**   **Not applicable**

**Hazard Statements:**   Not applicable

**Precautionary statements:**   Wash hands thoroughly after handling.

IF IN EYES: Rinse cautiously with water for several minutes. Remove contact lenses, if present and easy to do. Continue rinsing.  If eye irritation persists: Get medical advice/attention.

**Health hazards not otherwise classified (HHNOC) -**
**Physical hazards not otherwise classified (PHNOC) -**   Not applicable
This polyethylene foam is made with a flammable hydrocarbon blowing agent, most of which is removed prior to shipment. However, residual flammable vapors may gradually exhaust from the foam during storage, fabrication or use. Avoid close confinement of large foam quantities and sources of ignition near the foam (i.e. smoking, sparks, and flames). Do not store near heating equipment. Heating equipment should be inspected regularly during every heating season to check for pinholes or larger defects in the combustion chamber. Burns readily when exposed to plentiful and hot ignition sources. Use self-contained breathing apparatus in the event of fire.

**Polyethylene Foam**



| 3. COMPOSITION/INFORMATION ON INGREDIENTS |
|---|

| **Classified Ingredients:** | **CAS No.** | **Weight %** |
|---|---|---|
| Polyethylene | 9002-88-4 | 85-100 |
| Hydrocarbon Gas | 75-28-5 or 74-98-6 | 0-5 |
| Glycerol Stearate | Mixture | 0-2 |
| Color Concentrate | Variety | 0-1 |

Exact percentages and CAS numbers are being withheld as trade secret information.
Occupational exposure limits, if available, are listed in Section 8.

| 4. FIRST-AID MEASURES |
|---|

**Description of necessary first aid measures:**

**Eyes:**      IF IN EYES: Rinse with water for several minutes. Remove contact lenses, if present and easy to do. Continue rinsing for at least 15 minutes. If eye irritation persists: Get medical advice/attention.

**Skin:**      IF ON SKIN: Wash with plenty of soap and water. If skin irritation occurs: Get medical advice/attention.

**Inhalation:**   No information available.

**Ingestion:**   No information available.

**Most important symptoms/effects:**

**Eyes:**      Dust may cause irritation or corneal injury due to mechanical action. Fumes released during hot operation may cause eye irritation.

**Skin:**      Dust may cause skin irritation.

**Inhalation:**   Fumes generated under heat may cause eye irritation and respiratory irritation. Dust may cause irritation to upper respiratory tract and lungs.

**Ingestion:**   No information available.

**Immediate medical attention and special treatment needed:**  Not applicable.
**Aggravated Medical Conditions:**  No information available.

| 5. FIRE-FIGHTING MEASURES |
|---|

**Specific Methods:**        No special methods required.
**Suitable Extinguishing Media:**  Water, carbon dioxide (CO2) and dry chemical.
**Specific Hazards:**        Trace amounts of residual blowing agent may be present in the foam. Mechanical and thermal processes may produce dust and flammable vapors which may be potential explosion hazards.

**Special Protective Equipment for Fire Fighters:**  Fire-fighters should wear appropriate protective equipment and self-contained breathing apparatus (SCBA) with a full face-piece operated in positive pressure mode. PVC boots, gloves, safety helmet and protective clothing should be worn.

**Unsuitable Extinguishing Media:**  No information available.



## 6. ACCIDENTAL RELEASE MEASURES

**Personal precautions:**  No information available.

**Environmental precautions:**  No information available.

**Methods and materials for containment and cleaning up:**  No information available.

## 7. HANDLING AND STORAGE

**Handling:**  Fabricating operations which cut large numbers of interior foam cells, can release localized amounts of flammable, residual blowing agent. Provide adequate ventilation to avoid the buildup of blowing agent concentration.

**Storage:**  This polyethylene foam is made with a flammable hydrocarbon blowing agent, most of which is removed prior to shipment. However, residual flammable vapors may gradually exhaust from the foam during storage, fabrication or use. Avoid close confinement of large foam quantities and sources of ignition near the foam (i.e. smoking, sparks, and flames).  Do not store near heating equipment. Heating equipment should be inspected regularly during every heating season to check for pinholes or larger defects in the combustion chamber. Burns readily when exposed to plentiful and hot ignition sources. Use self-contained breathing apparatus in the event of fire.

**Aerosol Level (if applicable):**  Not applicable.

## 8. EXPOSURE CONTROLS/PERSONAL PROTECTION

**Exposure Guidelines:**

| Ingredient(s) | CAS# | OSHA-PEL | ACGIH-TLV |
|---|---|---|---|
| Hydrocarbon Gas | 75-28-5 or 74-98-6 | Not established 1000 ppm | 1000 ppm (STEL) 1000 ppm |

**Engineering Controls to Reduce Exposure:**  No special ventilation requirements. General room ventilation is adequate.

**Personal Protective Equipment:**

| | |
|---|---|
| **Eye protection:** | No special requirements under normal use conditions. |
| **Hand protection:** | No special requirements under normal use conditions. |
| **Skin and body protection:** | No special requirements under normal use conditions. |
| **Respiratory protection:** | No special requirements under normal use conditions. |
| **Hygiene measures:** | No special requirements under normal use conditions. |

For additional information obtain the Sealed Air Corporation "Polyethylene Foam Safety Guide."

## 9. PHYSICAL AND CHEMICAL PROPERTIES

**Physical State:** Solid plastic foam
**Color:**  Natural, Black, Light Green and other colors
**Odor:**  Slightly aromatic (musty)
**Odor Threshold:** Not available
**pH:**  Not available
**Melting Point/Freezing Points:**  230° F (110° C)
**Boiling/condensation point:** Not available
**Flash point:**  Hydrocarbon Gas: -120 °F (-84 °C)

**Flammability (solid, gas):**  Not available
**Lower and upper explosive limits:** *Hydrocarbon Gas: LEL 1.8% by volume and UEL 8.5% by volume
**Vapor Pressure:**  Not available
**Vapor Density (Air = 1):**  >1
**Relative Density:**  20 - 200 Kg/m3
**Solubility in Water:**  Not soluble
**Partition coefficient: n- octanol/water:**  Not available
**Auto-Ignition temperature:**  Not available
**Decomposition temperature:**  Not available



## 9. PHYSICAL AND CHEMICAL PROPERTIES

**Evaporation rate:** Not available          **Viscosity:** Not available

*Only trace amounts of residual blowing agent (under 2 wt%) present in the foam.

## 10. STABILITY AND REACTIVITY

**Reactivity**:  No specific test data related to reactivity available for this product or its ingredients.
**Stability:**  Stable at room temperature.
**Possibility of Hazardous Reactions:**  Not applicable.
**Hazardous Decomposition Products:**  Not available.
**Materials to Avoid:**  Contact with strong oxidants for extended time.
**Conditions to Avoid:**  Avoid flame, very high temperature, and UV.

## 11. TOXICOLOGICAL INFORMATION

**Information on likely routes of exposure:**
Eye contact, Skin contact, Inhalation, Ingestion.

**Delayed, immediate, or chronic effects and symptoms from short and long-term exposure:**

**Eye Contact:** None known.
**Skin Contact**:  None known.
**Inhalation:** None known.
**Ingestion:** None known.
**Sensitization:** No information available.

**Numerical measures of toxicity:**
 ATE - Oral (mg/kg)    Not available

**Carcinogenicity:**

| Ingredient(s) | IARC | OSHA | NTP |
|---|---|---|---|
| Not applicable | -- | -- | -- |

## 12. ECOLOGICAL INFORMATION

**Ecotoxicity:**  No information available.
**Persistence and Degradability:**  No information available.
**Bioaccumulation:**  No information available.
**Mobility in Soil:**  No information available.

## 13. DISPOSAL CONSIDERATIONS

**Waste from residues/unused products:**  This product, as sold, if discarded or disposed, is not a hazardous waste according to Federal regulations (40 CFR 261.4 (b)(4)). Dispose in compliance with all Federal, state, provincial and local laws and regulations.

**Contaminated Packaging:**  Not applicable.

**RCRA Hazard Class (undiluted product):**  Discarded product is not a hazardous waste under RCRA, 40 CFR 261, when disposed of in its purchased form.



## 14. TRANSPORT INFORMATION

**DOT:** Not regulated.

**TDG:** Not regulated.

**IMDG:** Not regulated.

**IATA:** Not regulated.

**DOT (Ground) Bill of Lading Description:** Not regulated.

**IMDG (Ocean) Bill of Lading Description:** Not regulated.


**Note:** Transport large quantities of this polyethylene foam in ventilated vehicles. Exercise caution when opening vehicles containing this polyethylene foam to avoid all possible sources of ignition (i.e. lit tobacco products, sparks and flames) near the foam and vehicle.

For additional information obtain the Sealed Air Corporation "Polyethylene Foam Safety Guide."

## 15. REGULATORY INFORMATION

**International Inventories at CAS# Level:**
All components of this product are listed on the following inventories: U.S.A. (TSCA), Canada (DSL/NDSL).

**U.S. Regulations:**

**California Proposition 65:**

| Ingredient(s) | CAS# | |
|---|---|---|
| Not applicable | -- | This product is not subject to the reporting requirements under California's Proposition 65. |

**RIGHT TO KNOW (RTK):**

| Ingredient(s) | CAS# | MARTK | NJRTK | PARTK | RIRTK |
|---|---|---|---|---|---|
| Not applicable | -- | -- | -- | -- | -- |

**CERCLA/ SARA:**

| Ingredient(s) | CAS# | Weight % | CERCLA/SARA RQ (lbs.) | Section 302 TPQ (lbs.) | Section 313 |
|---|---|---|---|---|---|
| Not applicable | -- | -- | -- | -- | -- |

| Ingredient(s) | CAS# | CAA HAP | CAA ODS | CWA Priority Pollutants |
|---|---|---|---|---|
| Not applicable | -- | -- | -- | -- |

**SARA 311/312 Hazard Categories:**
  **Immediate:**                    --
  **Delayed:**                      --
  **Fire:**                         --
  **Reactivity:**                   --
  **Sudden Release of Pressure:**   -

**Canadian Regulations:**
**CEPA DSL:**  All components are listed or exempted.

**NFPA:**  **Health:**           0
          **Flammability:**     1
          **Instability:**      0
          **Special Hazard:**   None
          0=Minimal    1=Slight    2=Moderate    3=High    4=Extreme



| 16. OTHER INFORMATION |
|---|

**Version Number:** 3
**Preparation date:** 2018-01-16
**SDS Code:** PE-01

**Reason for revision:** Revised Section 1.
**Prepared by:** NAPCRA
**Additional advice:** Not applicable.

*Notice to Reader: This document has been prepared using data from sources considered technically reliable. It does not constitute a warranty, expressed or implied, as to the accuracy of the information contained within. Actual conditions of use and handling are beyond seller's control. User is responsible to evaluate all available information when using product for any particular use and to comply with all Federal, State, Provincial and Local laws and regulations.*



**Sealed Air**

**Ethafoam**®

Polyethylene Foam Products

# Typical Physical Properties

| Physical Properties | Test Method | Ethafoam® 150 | Ethafoam® 180* | Ethafoam® 220* | Ethafoam® 400* | Ethafoam® 600 | Ethafoam® 900 |
|---|---|---|---|---|---|---|---|
| Density (lb/ft³) | ASTM D3575-08 | 1.5 | 1.8 | 2.2 | 4.0 | 6.0 | 9.6 |
| Compressive Strength (psi) vertical @ 25% vertical @ 50% | ASTM D3575-08 - Suffix D | 6 14 | 7 15 | 9 18 | 17 28 | 28 45 | 60 90 |
| Compressive Set (%) | ASTM D3575-08 - Suffix B | < 20 | < 20 | < 20 | < 15 | < 15 | < 15 |
| Compressive Creep (%) (1000 hrs) | ASTM D3575-08 - Suffix BB | < 10 @ 1.3 psi | < 10 @ 2.0 psi | < 10 @ 2.5 psi | < 10 @ 5.0 psi | < 10 @ 10 psi | < 10 @ 20 psi |
| Tensile Strength (@ 1/2" Thickness) | ASTM D3575-08 - Suffix T | 30 | 31 | 32 | 50 | 80 | 160 |
| Tear Resistance (lb/in) (across grain @ 1/2" thickness) | ASTM D3575-08 - Suffix G | 10 | 10 | 10 | 19 | 30 | 54 |
| Cell Size (mm) | ASTM D3576-04 - Modified | 2.5 | 2.0 | 1.5 | 1.4 | 1.2 | 1.1 |
| Water Absorption (lb/ft²) | ASTM D3575-08 - Suffix L | <0.3 | <0.3 | <0.3 | <0.2 | <0.2 | <0.2 |
| Thermal Stability (%) | ASTM D3575-08 - Suffix S | < 2 | < 2 | < 2 | < 2 | < 2 | < 2 |
| Static Decay* (sec) (Anti-Static Grade) | EIA Std. 541 - Append. F | < 2 | < 2 | < 2 | < 2 | < 2 | < 2 |
| Surface Resistivity* (ohms/sq) (Anti-Static Grade) | EIA Std. 541 - Section 4.3 | 1.0 x 10⁹ - 1.0 x 10¹³ | 1.0 x 10⁹ - 1.0 x 10¹³ | 1.0 x 10⁹ - 1.0 x 10¹³ | 1.0 x 10⁹ - 1.0 x 10¹³ | 1.0 x 10⁹ - 1.0 x 10¹³ | 1.0 x 10⁹ - 1.0 x 10¹³ |
| Thermal Conductivity (k value) BTU-IN/HR-FT²-°F | ASTM C518-91 | .49 | .49 | .43 | .43 | .43 | .43 |
| Thermal Resistivity (R value) HR-FT²-°F/BTU | ASTM C518-91 | 2.0 | 2.0 | 2.3 | 2.3 | 2.3 | 2.3 |

*The data presented for these products are for Ethafoam® polyethylene foam products.  While values shown are typical of the products, they should not be construed as specification limits.*

\* Anti-Static

Notes:

Distributed By:

 **Sealed Air**

Sealed Air Specialty Materials
2401 Dillard Street
Grand Prairie, TX  75051
Tel:  866.795.3028
Fax:  866.795.3045
www.sealedair/specialtymaterials/ethafoam.com

**Our Products Protect Your Products®**

Corporate Office: Sealed Air Corporation
200 Riverfront Boulevard, Elmwood Park, NJ 07407   www.sealedair.com
Reg. U.S. Pat. & TM Off. © Sealed Air Corporation (US) 2009. All rights reserved. Printed in the U.S.A.
TThe 9 Dot Logo®, Sealed Air®, Ethafoam® and Our Products Protect Your Products® are registered trademarks of
Sealed Air Corporation (US).

10/09

# ATTACHMENT D

N/A

## ATTACHMENT E

Defendants have not identified any insurance policies that may be implicated.

#3333091v1

13

These disclosures are made on February 14, 2022.

/s/ Megan E. Cambre
Jason J. Carter
Ga. Bar No. 141669
carter@bmelaw.com
Megan E. Cambre
Ga. Bar No. 167133
cambre@bmelaw.com
BONDURANT, MIXSON & ELMORE,
LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309-3417
Phone: (404) 881-4100
Facsimile: (404) 881-4111

Justin Poplin
Georgia Bar No. 142033
*Pro Hac Vice*
jpoplin@avekip.com
Anna Quinn
*Pro Hac Vice*
aquinn@avekip.com
AVEK IP, LLC
12980 Metcalf Ave., Ste. 180
Overland Park, Kansas 66213
Telephone: (913) 303-3841

**Attorneys for Defendants**
**The Recreational Group, LLC and Poly-**
**Green Foam Holdings, LLC**

#3333091v1

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of February, 2022, I served

**DEFENDANTS' THE RECREATIONAL GROUP, LLC AND POLY-**

**GREEN FOAM HOLDINGS, LLC INITIAL DISCLOSURES** by email on the

following counsel:

> Warren J. Thomas
> Steven M. Philbin
> MEUNIER CARLIN & CURFMAN LLC
> 999 Peachtree Street, NE, Suite 1300
> Atlanta, Georgia 30309
> wthomas@mcciplaw.com
> sphilbin@mcciplaw.com

*/s/ Megan E. Cambre*

#3333091v1

15