IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TURF CUSHION, INC., et al,

               Plaintiffs,

v.

THE RECREATIONAL GROUP,
LLC, et al,

               Defendants.

Civil Action No. 4:21-cv-00204-LMM

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

(a)    Describe briefly the nature of this action.

This is a civil action alleging infringement of United States Patent No. 10,870,951 (the "'951 Patent"). Plaintiffs seek judgment that Defendants infringed and continue to infringe the '951 Patent by making, using, selling, offering for sale, and/or importing the Polygreen Pro foam products, in violation of 35 U.S.C. § 271(a).

Plaintiffs seek damages sufficient to compensate Plaintiffs for Defendants'

alleged infringement of the '951 Patent, including lost profits allegedly suffered by Plaintiffs as a result of Defendants' alleged infringement and in an amount not less than a reasonable royalty. Plaintiffs also seek treble damages under 35 U.S.C. § 284 as a result of Defendants' alleged willful and deliberate infringement, as well as an award of attorneys' fees, costs and expenses on the grounds that this is an exceptional case under 35 U.S.C. § 285. Plaintiffs further request a permanent injunction against Defendants to prevent ongoing infringement of the '951 Patent.

Defendants have asserted that (1) one or both Plaintiff fails to state a claim upon which relief may be granted; (2) one or both Plaintiffs lacks standing; (3) they do not infringe the '951 Patent; (4) the '951 Patent is invalid; (5) the '951 Patent is unenforceable due to inequitable conduct at the US Patent Office in the application of the '951 Patent; and (6) in any event, an injunction is not warranted. Defendants have asserted counterclaims seeking declaratory relief on the above grounds of noninfringement, invalidity, and unenforceability. Defendants further seek attorneys' fees on the grounds that this is an exceptional case under 35 U.S.C. § 285 and under O.C.G.A. § 13-6-11.

Defendant Poly-Green has further asserted counterclaims for false advertising under 15 U.S.C. § 1125(a) and violations of the "fair business practices act," where both counterclaims are based on the same three statements recited on Plaintiffs'

website. Defendant Poly-Green seeks damages in the form of Plaintiffs' sales of the Turf Cushion product. Poly-Green also seeks treble damages and the costs of the action under 15 U.S.C. § 1117(a), O.C.G.A. § 10-1-399(c), and O.C.G.A. § 10-1-399(d).

   (b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs' summary:**

   ProdTek is a research and consulting company that developed an innovative protective foam layer for use in activity surfaces. In order to be safe for people to use as activity surfaces, such as playgrounds and athletic fields, the padding used beneath such activity surfaces are required to meet certain safety standards. One such standard is described in ASTM F1292-17, which sets the minimum impact attenuation performance requirements for playground surfacing materials. ProdTek developed a novel and innovative foam pad for use under such activity surfaces that exceeded the performance requirements of ASTM F1292-17. On March 7, 2018, inventors John Karr and Keith Pavlansky filed a patent application directed towards these novel foam pads and methods of making the same, which ultimately issued on December 22, 2020 as the '951 Patent. The inventors assigned the '951 Patent to Turf Cushion. Turf Cushion markets and sells commercial embodiments of the

protective foam layer under the tradename TURF CUSHION$^{TM}$.

On or around August 14, 2018, Defendants approached Plaintiffs to discuss a potential business arrangement regarding Plaintiffs' TURF CUSHION$^{TM}$ product. Prior to any discussions, the parties executed a Mutual Confidentiality Agreement to ensure the confidentiality of any materials disclosed as part of the parties' discussions.   With the executed Mutual Confidentiality Agreement in place, Plaintiffs shared with Defendants certain confidential materials and information related to the TURF CUSHION$^{TM}$ product.   Initially, Defendants expressed an interest in acquiring Turf Cushion, but Plaintiffs declined this offer.  Defendants then suggested that they could simply produce their own product similar to the TURF CUSHION$^{TM}$ product.  In response, Plaintiffs informed Defendants that they had filed a patent application to protect aspects of the TURF CUSHION$^{TM}$ product and proposed that Plaintiffs could supply Defendants with a rebranded version of the TURF CUSHION$^{TM}$ product that Defendants could resell to their customers.

Believing that Defendants were negotiating a potential business arrangement in good faith, from October 2018 until February 2020, Plaintiffs continued to engage in discussions with Defendants and continued to provide certain confidential materials and information related to the TURF CUSHION$^{TM}$ product.  In or around March 2020, however, discussions with Defendants inexplicably ceased.  Also in or

around March 2020, despite knowledge of Plaintiffs' then pending patent application, Defendants began to market and sell its own competing line of non-composite protective foam layers under the tradename "Polygreen Pro." Plaintiffs allege, based on publicly available information and pre-suit testing, that Defendants' Polygreen Pro product infringes one or more claims of the '951 Patent.

Defendants have brought certain counterclaims, seeking declarations that there is no infringement, or that the '951 Patent is either invalid or unenforceable. Defendant Poly-Green has further brought counterclaims regarding certain statements that are on Plaintiffs' website. Those statements are:

- "Our revolutionary new Turf Cushion™ underlay achieves the highest performance in the industry as measured by GMAX and HIC readings."

- "Competitor products require stacking to reach comparable levels of protection, creating a less stable and more time-consuming installation."

- "Our precision molded process produces a consistent composition and height, which leads to a uniform level of shock attenuation and resiliency throughout the installation."

Poly-Green alleges that these statements are false and have caused Poly-Green damages. Plaintiffs state that the false statements are not actionable and/or are true, and therefore there can be no harm to Poly-Green.

**Defendants' summary:**

Defendants dispute the vast majority of Plaintiffs' summary of facts. In this case, the parties considered but did not enter into any business relationship. Instead, Poly-Green simply decided to purchase foam padding from a third party. Neither Defendant makes, nor instructs anyone on how to make, foam. And The Recreational Group does not make, use, sell, offer to sell, or import any product whatsoever.

Not only does the foam that Poly-Green ultimately purchased instead of Plaintiffs' foam (Ethafoam® 180) not meet the requirements of any claim of U.S. Pat. No. 10,870,951, but it has been commercially available since at least as early as October 2009 – years before the '951 Patent was filed. So if the accused product is found to infringe the '951 Patent, the patent should be found invalid. Defendants also expect to prove that claims of the '951 Patent are invalid and unenforceable based on additional prior art and the fact that Plaintiffs withheld documents from the Patent Office. At least because of a lack of pre-suit diligence and a lack of any colorable basis for Plaintiffs' claim construction positions, Defendants assert that it should be awarded its fees under O.C.G.A. § 13-6-11 and 35 U.S.C. § 285.

In addition to the patent issues raised in this case, Poly-Green asserts false advertising claims and state law claims based on false advertisements that Turf Cushion has made.

(c)     The legal issues to be tried are as follows:

1.     Whether Defendants' Polygreen Pro products infringed, and continue to infringe, one or more claims of the '951 Patent;

2.     Whether the '951 Patent is valid and enforceable;

3.     If there is infringement, whether Defendants' acts of infringement of one or more claims of the '951 Patent are willful and in reckless disregard of Plaintiffs' patent rights;

4.     If there is infringement, the amount of damages adequate to compensate Plaintiffs for Defendants' infringement of one or more claims of the '951 Patent;

5.     If there is infringement, whether Defendants should be enjoined from continued acts of infringement of one or more claims of the '951 Patent;

6.     Whether, based on the totality of the circumstances, this is an exceptional case in favor of either Plaintiffs or Defendants.

7.     Whether the complained of statements in Poly-Green's counterclaims constitute false advertising or otherwise violate Georgia law.

8.     Whether Defendants, on their counterclaims, are entitled to any relief or an award of their damages, costs, and attorneys' fees.

(d)     The cases listed below (include both style and action number) are:

      (1)    Pending Related Cases:

      N/A

      (2)    Previously Adjudicated Related Cases:

      N/A

2.    This case is complex because it possesses one (1) or more of the features listed below (please check):

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_✓\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_\_\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_✓\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_✓\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3.    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

For Plaintiff:

      Warren J. Thomas
_____

For Defendant:

      Jason J. Carter
_____

**4.**    **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes          __X__ No

**5.**    **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

At this time, there are no known third-parties that are necessary to this Action.

(b)    The following persons are improperly joined as parties:
N/a

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

N/a

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.   Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

No amendments to the pleadings are anticipated at this time.

(b)    Amendments to the pleadings submitted LATER THAN JUNE 16, 2022, will not be accepted for filing, unless otherwise permitted by law.

7.    **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

10

(d)   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.   Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to FED. R. CIV. P. 26(a)(1)(B).

The parties do not object to serving initial disclosures, to be exchanged by the parties

by February 14, 2022.

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

<u>The Parties do not request a scheduling conference at this time.</u> **<u>The Parties have agreed to the schedule attached at Exhibit A</u>**<u>, which is in accord with the Court's Local Rules and Local Patent Rules, and respectfully request that the Court adopt it.</u>

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to

11

initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

By setting forth the below categories of potential discovery, the Parties do not necessarily agree to the relevancy of the categories asserted and reserve all rights to object to the relevancy and scope of discovery as it proceeds.

*Plaintiffs/Counterclaim-Defendants anticipate seeking discovery and depositions of Defendants and third parties relating at least to the following:*

    a.  The design, development, manufacture, testing, use, sales, profitability, and marketing of the accused Polygreen Pro products.

    b.  Samples and/or an inspection of the accused Polygreen Pro products.

    c.  Documents and testimonial discovery related to confidential information obtained by Defendants from Plaintiffs.

    d.  Defendants' knowledge, discussions, and/or communications regarding Plaintiffs' Turf Cushion product.

    e.  The level of ordinary skill in the art of the '951 Patent.

f.  Defendants' noninfringement arguments and their basis.

g.  Documents and testimonial discovery related to the validity of the '951 Patent, including Defendants' invalidity arguments and their basis.

h.  Defendants' arguments related to the unenforceability of the '951 Patent and their basis.

i.  Sales of Polygreen Pro, including revenue, costs, convoyed sales, and other related financial information.

j.  Documents and testimonial discovery related to the underlying basis for Defendants' affirmative defenses and counterclaims.

k.  Documents and testimonial discovery related to the organizational structure of Defendants.

*Defendants/Counterclaim-Plaintiffs anticipate seeking discovery and depositions of Plaintiffs and third parties relating at least to the following:*

a.  Claim construction.

b.  Patent infringement.

c.  Patent invalidity.

d.  Prosecution of the '951 Patent.

e.  Ownership of the '951 Patent.

f.  Plaintiffs' pre-suit investigation.

g.  The statements set forth in Poly-Green's false advertising counts.

h.  Plaintiffs' sales.

i.  Samples and/or an inspection of the accused Polygreen Pro products.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused on particular issues, please state those reasons in detail below:

At this time, the Parties do not anticipate requiring additional time beyond that allowed by the standard discovery schedule in the Northern District of Georgia for patent cases. The Parties, however, reserve the right to request additional time as needed and in accordance with the Federal Rules of Civil Procedure and the Local Rules and standing orders of this Court.

## 11.  Discovery Limitation:

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties agree that no changes are needed.

(b)  Is any party seeking discovery of electronically stored information?

     __X__ Yes       _____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

        The parties have agreed to confer regarding e-discovery and anticipate that they will be able to reach agreement on the specific protocols. Once discovery requests are served the parties will confer regarding appropriate protocols and search terms. If issues arise that cannot be resolved, then the parties will raise such issues with the Court.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree to undertake reasonable efforts to comply with the following method to produce all electronically stored information (ESI), or to discuss issues regarding production in order to produce ESI in a suitable manner. The parties agree to make reasonable efforts to de-duplicate the documents prior to production.

When reasonably possible, the parties further agree to do as follows. The Parties agree to produce Bates-stamped TIFFs of native files and agree to provide

the metadata fields identified below where such information exists. To the extent materials are not easily produced in this format, the Parties agree to discuss such issues in good faith in order to attempt to reach an agreement about format, but in general the Parties expect to produce: 1.) Extracted Text, 2.) Images (Tiff/JPG), and 3.) Metadata (DAT and OPT). This production format also applies to image-redacted documents. Further, the Parties agree that it is preferable, where possible and appropriate, to produce hard-copy records as scanned images. The Parties reserve the right to request something different or object to this format on a case-by-case basis. In such an instance, if the Parties are unable to agree about production formats or the inclusion metadata, the Parties will promptly seek a discovery conference with the Court. Native files shall be provided in place of TIFF images for documents that are not reasonably usable in image format, such as spreadsheets, CAD files, audio and video files, or documents that cannot be converted to images. Further, the parties agree to cooperate reasonably and to consult regarding their respective litigation support systems and further agree to cooperate reasonably to produce document images in a form that is compatible with the opponent's system where possible.

The parties agree that each production of documents should be organized into the following subfolders:

- DATA – contains DAT file and OPT file

- IMAGES – May contain subfolders; contains TIFF images

- TEXT – May contain the document level text files

- NATIVES – May contain subfolders; contains any native files being

  provided in production

The parties agree that any productions include the following output:

- Standard Concordance delimited DAT and OPT load files

- Images in single-page or multi-page TIFF format (Group IV Compression,

  300 dpi)

- Text files per document in the text folders with OCR and extracted text

- Native files with Concordance NativeFile link in DAT

- Concordance Delimited DAT file to include the following fields:

| Field | Description |
| --- | --- |
| BegBates | Beginning Bates Number |
| EndBates | Ending Bates Number |
| Group ID | Bates range of document family; first page of parent through last page of last attachment (imaged) or identifying number of parent through identifying number of last attachment (native). All records in a family should have the same Group ID value. |
| Parent Doc ID | BegBates of parent document; populated only for attachments |
| Attachment Doc ID | BegBates of attachments, separated by semi-colons; populated only for parent-documents |
| Custodian | Name of Custodian |
| Subject | Email Subject |
| To | Email Recipient |
| From | Email Sender |
| CC | Email CC Field |

17

| Field | Description |
|---|---|
| BCC | Email BCC Field |
| Date Sent | Email Date Sent |
| Date Received | Email Date Received |
| Original File Name | Original name of file as appeared in original location |
| Title | Title from Properties of Document |
| Author | Author of Document |
| Date Created | Date Created |
| Date Last Modified | Date Last Modified |
| Date Sort/Master | Date Sort/Master (if available/captured) |
| Document Extension | File Extension |
| File Size | File Size |
| EDSource | Original Path to source folder, files, or mail stores |
| EDFolder | Full path to source files or folder path contained with a mail store |
| NativeFile Link | Relative path to native files provided in production |
| Text Path | Relative path to text files provided in production |
| Confidentiality Stamp | Confidential stamp |
| MD5 Hash | MD5 Hash (if available/captured) |

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties are in the process of negotiating a Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and this Court's standing order and anticipate submitting a proposed order to the Court.

13.   **Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 26, 2022, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:  Lead counsel (signature):  /s/ Warren Thomas____

Other participants:  Steven M. Philbin

For defendant: Lead counsel (signature):   /s/ Jason Carter_____

Other participants:  Justin Poplin, Megan Cambre_____

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c)   Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)   The following specific problems have created a hindrance to settlement of this case.

*Plaintiffs*: Defendants declined Plaintiffs' request to provide any sales information (in advance of and absence of formal discovery), to allow a meaningful settlement proposal by Plaintiffs.

*Defendants*: The parties have an extreme disagreement on claim construction, and this has prevented meaningful settlement discussions.

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2022.

(b)    The parties (__X___) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 14th day of February 2022.


 /s/    **Warren Thomas**                                         /s/    **Jason Carter (with permission)**


Warren J. Thomas                                          Jason J. Carter
Georgia Bar No. 164714                                    Ga. Bar No. 141669
wthomas@mcciplaw.com                                      carter@bmelaw.com
Robert J. Leonard                                         Megan E. Cambre
Georgia Bar No. 303694                                    Ga. Bar No. 167133
rleonard@mcciplaw.com                                     cambre@bmelaw.com
Steven M. Philbin                                         BONDURANT, MIXSON & ELMORE,
Georgia Bar No. 516724                                    LLP
sphilbin@mcciplaw.com                                     3900 One Atlantic Center
MEUNIER CARLIN & CURFMAN, LLC                             1201 West Peachtree Street, N.W.
999 Peachtree Street, NE, Suite                           Atlanta, GA 30309-3417
1300                                                      Phone: (404) 881-4100
Atlanta, Georgia 30309                                    Facsimile: (404) 881-4111
Phone: 404-645-7700
Fax: 404-645-7707                                         Justin Poplin
                                                          Georgia Bar No. 142033
                                                          Pro Hac Vice Pending
*Attorneys for Plaintiffs.*                               jpoplin@avekip.com
                                                          Anna Quinn
                                                          *Pro Hac Vice Pending*
                                                          aquinn@avekip.com
                                                          AVEK IP, LLC
                                                          12980 Metcalf Ave., Ste. 180
                                                          Overland Park, Kansas 66213
                                                          Telephone: (913) 303-3841


                                                          *Attorneys for Defendants.*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2022.


_____

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

## <u>CERTIFICATE OF SERVICE</u>

      I, the undersigned counsel, hereby certify that on February 14, 2022, a true and correct copy of the foregoing **Joint Preliminary Report and Discovery Plan** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

**<u>/s/ Warren Thomas</u>**
